Dear Mr. Jackson:
Reference is made to your request, on behalf of the State of Louisiana, Department of Natural Resources ("DNR"), for an Attorney General's opinion regarding whether the State Mineral Board ("Board") may enter into a cooperative endeavor agreement with a parish Police Jury wherein the parish would obtain the exclusive right to remove sand and gravel from state-owned property without charge and for which the parish will use solely for the purpose for public road repair and/or construction within the parish. If authorized and, if the agreement contains a provision for the state to receive a payment based on the quantity of sand and gravel removed, you ask whether such an agreement would be considered a lease or operating agreement and, if so, are the procedures set forth in LSA-R.S. 30:121, et seq. and/or LSA-R.S. 30:209, et seq., applicable and necessary.
Your letter indicates that pursuant to La. Const. Art. 9, Sec.5, "no conveyance, lease, royalty agreement, or unitization agreement involving minerals or mineral rights owned by the state shall be confected without prior public notice or public bidding as shall be provided by law." You also state that the State Mineral Board administers the state proprietary interest in minerals and has the authority, subject to public notice, to lease for the development and production of minerals, oil, and gas any land owned by the state. You further state that pursuant to LSA-R.S. 30:209 the State Mineral Board may enter into an operating agreement and receive a share of the revenues from the production of oil, gas, and other minerals. Specifically, the question to be addressed by this office is whether or not the State Mineral Board may donate sand and/or gravel to a parish for use on parish roads or if a payment is required whether the agreement is considered a lease or operating agreement for public notice and public bid purposes.
As your letter indicates, you are aware that the question presented by your request must be addressed in light of the provisions of La. Const. (1974) Art. VII, Sec. 14, which contains the constitutional standard for the lawful use of public funds and *Page 2 
property. La. Const. Art. VII, Sec. 14(A) generally prohibits the state and its political subdivisions from loaning, pledging or donating public funds, assets or property to persons, associations or corporations, public or private. Atty Gen. Op. Nos. 04-0052; 91-313.
Historically, the Attorney General has followed the Louisiana Supreme Court's interpretation of La. Const. Art. VII, Sec. 14,
as set forth in City of Port Allen v. Louisiana Mun. Risk,439 So.2d 399 (La. 1983), wherein the Court states: ". . . this Section is violated whenever the state or a political subdivision seeks to give up something of value when it is under no legal obligation to do so." The previous opinions of this office recognize that the requirement of a legal obligation to expend public funds or use public property is the threshold predicate for the constitutionality of an expenditure or use but is not the only predicate. The expenditure or transfer of property must also be for a public purpose and create a public benefit proportionate to its cost. Atty Gen. Op. Nos. 90-63, 90-651, 92-722, 01-0389 and 02-0125. In City of Port Allen, supra, the Court stated: ". . . even if political subdivisions cooperate for a public purpose, they still may not give away their assets to other political subdivisions, the United States government or public or private associations or corporations or to individuals merely for a public purpose."
Paragraph (C) of Section 14 authorizes public entities to engage in cooperative endeavors for a public purpose with other governmental agencies, public or private corporations or individuals. However, Paragraph (C) supplements the prohibition against donations in Section 14(A). It does not create an exemption or exception from the general constitutional prohibition. All such cooperative endeavors authorized by Section 14(C), must also meet the general standard for the non-gratuitous alienation of public funds or property established by Section 14(A).
Based on the information provided, it is our understanding that the proposed agreement would have the Board donate state property, i.e. sand and gravel, to a parish for use on parish roads and for which the state has no obligation or responsibility. This office is not aware of, nor did our research reveal, any provision of law which would obligate or authorize the Board to engage in the repair and/or construction of parish roads. As such, Louisiana Constitution Article VII, Sec. 14
prohibits the Board from donating its property for public road repair/construction within the parish and to which neither the Board nor the state has an obligation or responsibility even if such a donation would serve a public purpose of providing improved roads within the parish. Also see Atty. Gen. Op. No. 00-57, (consolidated gravity drainage district could not use public funds entrusted to it for drainage purposes for economic development) and Atty. Gen. Op. No. 97-408, (school board could not lease property it owned for a nominal rent, even in the interest of economic development).
Should the State Mineral Board elect to enter into an agreement wherein fair and adequate value is paid by the parish for the transfer of the sand and/or gravel or a *Page 3 
benefit is received by the Board that is commensurate with the value of the transferred property then such an agreement would be authorized and would not require public bid and advertisement. LSA-R.S. 39:1703 allows any public procurement unit (Board) to sell to or acquire from any other public procurement unit (parish) materials, supplies and equipment without the necessity of public bid and advertisement. See Atty. Gen. Op. Nos. 00-55, 95-166 and 91-1. In light of this statutory provision whether such an agreement is considered a lease or operating agreement is irrelevant for public notice purposes.
It is therefore the opinion of this office that State Mineral Board may not donate or otherwise give away property that it owns, i.e. sand and/or gravel, to a parish for use by the parish on parish roads to which the state has no responsibility or obligation. However, the Board may enter into a cooperative purchasing agreement pursuant to LSA-R.S. 39:1703 wherein the Board may transfer or sell the sand and/or gravel to the parish at a fair and adequate value or for a benefit that is commensurate with value of the property transferred without the necessity of public bid or advertisement.
We trust this adequately responds to your request.
Yours very truly,
 CHARLES C. FOTI, JR. Attorney General
 BY: ________________________ RICHARD L. McGIMSEY Assistant Attorney General